**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)   www.flsb.uscourts.gov**
_x__ Fourth Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
_____ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

**DEBTOR:** Roxana R. Delgado          **JOINT DEBTOR:** _____CASE NO. 16-21441-BKC-RAM
**Last Four Digits of SS# x4884___          Last Four Digits of SS# x_____**

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for a period of _36_ months. In the event that the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

    A.  $1,990.54 for months 1 to 20; and
    B.  $2,838.99 for months 21 to 36; in order to pay the following creditors:

**Administrative**:
Attorney's Fees:
Total Attorney Fees and Costs Due:  $8,630.00 ($3,500.00 fee, $150.00 costs, $2,600.00 mmm, $750.00 mtn 506 r/e, $25.00 costs, $750.00 mtn 506 r/e, $25.00 costs, $750.00 mtn 506 r/e, $25.00 costs,  $20.00 title report, $35.00 credit report)
Total Paid $1,360.00
Total Balance Due under Plan:  $7,270.00
Payable: $363.50/mo. (Mos. 1 - 20)

**Secured Creditors:** [Retain liens pursuant to 11 USC section 1325 (a)(5)] Mortgage/Liens on real or personal property:


1.  Regions Bank
Address: 1900 Fifth Ave., North
Birmingham, AL 35203
Account No.: x8117

                                  _____ Arrearage _____ Payoff Secured Claim on Petition Date $_____
                                    _____ Payment $_____/month (Months ____ to ____)
                                    _____ Payment $_____/month (Months ____ to ____)
                                    __x_____ Regular Payment $1,408.00/month (Months 1 to 36)*

*per MMM provision


**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION (UTILIZING LOCAL FORM "MOTION TO VALUE COLLATERAL IN PLAN") WILL ALSO BE SERVED ON YOU PURSUANT TO FRBP 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value Collateral | Interest Rate | Plan Payments | Months of Payments | Total Plan Payments |
|---|---|---|---|---|---|
| Regions Bank 1900 Fifth Ave., North Birmingham, AL 35203  (the "Second Mortgagee") | Second priority Mortgage dated 5/10/07 recorded on 7/12/07 at Official Records Book 25772 at page 2820 et seq. in the Public Records of Miami-Dade County, Florida  as to the property located at 3335 S.W. 95th Ct. Miami, Florida 33165  more completely described as | n/a | $0.00 | n/a | $0.00  wholly avoid lien |

| | | | | | |
|---|---|---|---|---|---|
| | **Lot 8, Block 3, Coral Glades Heights, according to the Plat thereof, and Recorded in Plat Book 60, Page 94, of the Public Records of Miami-Dade County, Florida**<br><br>(the "Property")<br><br>Value of the Property: $277,000.00<br><br>Amount Due on Priority Mortgage or Property Taxes:<br><br>$295,000.00<br><br>Value of Second Mortgagee's interest in the Property:<br><br>$0.00<br><br>Amount of Second Mortgagee's Secured Claim:<br><br>$0.00 | | | | |
| First Lender of Delaware Trust<br>501 Silverside Rd.<br>Wilmington, DE 19809<br><br>(the "Third Mortgagee") | Purported third priority Mortgage dated 11/7/11 recorded on 11/8/11 at Official Records Book 27887 at page 2828 et seq. in the Public Records of Miami-Dade County, Florida<br><br>as to the Property<br><br>Value of the Property: $277,000.00<br><br>Amount Due on Priority Mortgage or Property Taxes:<br><br>$433,000.00<br><br>Value of Third Mortgagee's interest in the Property:<br><br>$0.00<br><br>Amount of Third Mortgagee's Secured Claim:<br><br>$0.00 | n/a | $0.00 | n/a | $0.00<br><br>wholly avoid lien |

| US Dept. of Treasury, I.R.S. Special Procedures, Insolvency Unit, 7850 SW 6th Ct. M/S 5730 Plantation, FL 33324 (the "IRS") | Federal tax lien dated 9/12/13 recorded on 9/25/13 at Official Records Book 28837 at page 2258 et seq. in the Public Records of Miami-Dade County, Florida<br><br>as to the Property<br><br>Value of the Property: $277,000.00<br><br>Value of personal Property: $6,425.00<br><br>Amount Due on Priority Mortgage or Property Taxes on Property:<br><br>$433,000.00<br><br>Value of IRS's interest in the Property:<br><br>$0.00<br><br>Value of IRS's interest in personal property: $6,425.00<br><br>Amount of IRS's Secured Claim:<br><br>$6,425.00 | n/a | $20.00/mo.<br><br>$401.81/mo. | 1 to 20<br><br>21 to 36 | $6,828.90, including interest at 4% |

**Priority Creditors:**  [as defined in 11 USC section 507]
1. U.S. Dept. Treasury, IRS _____        Total Due $9,524.90
                              Payable $595.31/mo. (Mos. 21 to 36)

**Unsecured Creditors:** Pay $150.00/mo. (Mos. 21 to 36).  Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**Other provisions not included above:**

**Pay Direct Provision**

The Debtor(s) intend to make contractual payment directly to the following creditor(s):
Palms Condominium Association – time share maintenance.

**MMM Provision**

The debtor has filed a Verified Motion for Referral to MMM with Regions Bank ("Lender"), loan number x8117, for real property located at 3335 SW 95th Ct., Miami, Florida. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

 Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

**Income Verification Provision**

The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income.


Dated: January 19,  2016


_____/s/_____
Jordan E. Bublick

**Jordan E. Bublick, P.A.,  Jordan E. Bublick, Fla. Bar No. 381624, Attorney for Debtor(s), 1801 N.E. 123rd St., Suite 314, North Miami, FL 33181  Tel.: (305) 891-4055 Fax: (305) 503-7231 E-Mail: jbublick@bublicklaw.com**

LF-31 (rev. 1/8/10)

MMM provision 12/1/15

1/7/16